76 F.3d 391
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon L. WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES DISTRICT COURT FOR the DISTRICT OF NEVADA;
United States Court of Appeals for the Ninth
Circuit, Defendants-Appellees.
 No. 95-55318.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 MEMORANDUM**
 Vernon L. Williams appeals pro se the district court's dismissal of his first amended complaint in his action, styled as an independent action under Fed.R.Civ.P. 60(b), against the United States District Court for the District of Nevada and the United States Court of Appeals for the Ninth Circuit alleging fraud and denial of due process. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 In his first amended complaint Williams alleged that "fraud was committed upon the court" in connection with a series of actions he brought against the Nevada State Industrial Insurance System ("NSIIS") and individuals employed by the NSIIS. Although Williams's complaint is devoid of specific facts, Williams alleged that such fraud violated his due process rights and tainted the prior judgments rendered by the United States District Court for the District of Nevada and the United States Court of Appeals for the Ninth Circuit. Williams sought, inter alia, that the prior judgments be vacated.
 
 
 1
 The district court held a hearing on defendants' motion to dismiss and issued an oral ruling dismissing Williams's first amended complaint. The district court held that Williams's allegations of fraud were conclusory and therefore his complaint failed to state a claim upon which relief could be granted. In a subsequent order, the district court incorporated its oral ruling dismissing Williams's first amended complaint with prejudice and entered judgment against Williams.
 
 
 2
 On appeal, Williams argues that the district court erred by dismissing his action. We disagree.
 
 
 3
 Where the plaintiff brings an action styled as an independent action under Fed.R.Civ.P. 60(b) in a district court that did not render the judgments which the plaintiff challenges, "the nonrendering court should decline to exercise jurisdiction of such an action and remand the parties for their relief to the rendering court." Treadaway v. Academy of Motion Pictures Arts & Sciences, 783 F.2d 1418, 1421 (9th Cir.1986) (internal quotations omitted) (district court properly declined jurisdiction of an independent action brought to set aside another district court's order because it would interfere with and usurp the power of the rendering court).
 
 
 4
 Here, Williams filed his independent action in the District Court for the District of Southern California. The proper forum for Williams's independent action, however, is the District Court for the District of Nevada. See id. Accordingly, we affirm the district court's dismissal of Williams's first amended complaint. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3